IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-602-D

| | |
|---|---|
| ARTHUR O. ARMSTRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| NORTH CAROLINA, et al., | ) |
| | ) |
| Defendants. | ) |

Pro se plaintiff Arthur O. Armstrong ("Armstrong") is subject to a superseding permanent injunction. See Armstrong v. Woodard, No. 5:12-CV-805-F, [D.E. 26] (E.D.N.C. Mar. 29, 2013). That injunction requires, inter alia, that any complaint filed by Armstrong "must specifically identify the law(s) which [he] alleges was (were) violated, and must allege all facts with specificity." Id. 2. Under the terms of the injunction, if the court determines that a complaint meets those requirements "and is not otherwise repetitious or frivolous," the court will then order Armstrong to prepare and submit summonses for issuance. Id. 2–3. Until the court makes such a determination, Armstrong is prohibited from filing any additional documents in the relevant case. Id.

On November 18, 2015, Armstrong commenced this action by filing a complaint and tendering the filing fee [D.E. 1]. On November 19, 2015, the clerk issued summonses without a court order and without the court determining whether the complaint filed in this action satisfied the requirements of the superseding permanent injunction. See [D.E. 3]. On November 20, 2015, Armstrong amended his complaint [D.E. 4]. On December 10, 2015, the action was reassigned to this court [D.E. 19]. On December 21, 2015, the court stayed the action and any deadlines, pending a judicial determination whether Armstrong's complaint met the requirements of the superseding injunction [D.E. 22].

Before addressing any of the pending motions, the court reviews the allegations of Armstrong's complaint. See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (per curiam) (unpublished) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." (citing Mallard v. U.S. Dist. Court, 490 U.S. 296, 307–08 (1989)). The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Armstrong needs no introduction to this court or, indeed, many other state and federal courts. See Armstrong v. Virginia, No. 3:10CV802-REP, 2011 WL 1261628, at *4, 7 (E.D. Va. Mar. 16, 2011) (unpublished) (cataloguing actions filed by Armstrong and noting that "Armstrong may be the most prolific active serial-filer in the United States"), report and recommendation adopted, 2011 WL 1984478 (E.D. Va. May 20, 2011) (unpublished). As with so many of his actions, this complaint arises from two traffic stops: one in Wake County on November 3, 2013, at around 1:30 a.m. following "a good night of dancing and perhaps a drink," and the other in Nash County on January 28, 2015, when Armstrong was driving to Wake County Superior Court for an unspecified hearing. Am. Compl. [D.E. 4] 2–4. On May 20, 2015, a jury convicted Armstrong "of speed and DWLR" based on the November 3, 2013 traffic stop. Id. 5–6.

2

Armstrong names as defendants numerous individuals or governmental entities either directly or tangentially connected with these events: the State of North Carolina; Attorney General Roy Cooper; state troopers; the defense attorney and the defense attorney's firm from Armstrong's trial; Nash County; two superior court judges; two Nash County magistrates; and two Nash County district attorneys. Id. 5–7. Armstrong alleges that these defendants "acted in a conspiracy" when they

> failed to conform to the requirements of the federal constitution and laws of the United States when defendants conspired to go in disguise on the premise thereof for the purpose of depriving either directly or indirectly the plaintiff of the equal protection of the law, or of equal privileges and immunities under the law; or for the purpose of hindering or preventing the constituted authorities within any State or Territory from giving or securing the plaintiff in any State or Territory the equal protection of the law when defendants, without probable cause acted with reckless indifference and wanton disregard for the truth or falsity and the rights of plaintiff and others when defendants acted with including but not limited to: arbitrariness, capriciousness, fraud, malice, trickery, harassment, falsity, gross negligence, deceit, RICO, pattern of racketeering activity and obstruction of justice when defendants in concert did some acted and/or omitted some duty . . . . in the making of the DWLR and 72/55 miles per hour false reports and other conduct amounting to official discrimination clearly sufficient to constitute denial of rights protected by the Equal Protection Clause in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

Id. 7–8. Armstrong cites "42 U.S.C. 1983, 1985 and 1986" as the legal basis for his claims and seeks $35,000,000.00 in damages. Id. 5, 9.[1]

Armstrong's allegations repeat past baseless attempts to litigate his personal belief that he may lawfully operate a motor vehicle without the necessary license. See, e.g., Armstrong v. Friduss,

---

[1] Armstrong's damage requests repeatedly range from $25 million to $150 million. See, e.g., Armstrong v. Richards, No. 5:12-CV-811-BO, 2013 WL 5863743, at *2 (E.D.N.C. Oct. 30, 2013) (unpublished) (damage request of $35 million); Armstrong v. Cooper, No. 5:12-CV-00810-FL, 2013 WL 1914315, at *1 (E.D.N.C. Apr. 15, 2013) (unpublished) (same), report and recommendation adopted, 2013 WL 1912607 (E.D.N.C. May 8, 2013) (unpublished); Armstrong v. Virginia, Civil No. 3:10CV802-REP, 2011 WL 1261628, at *6–7 (E.D. Va. Mar. 16, 2011) (unpublished) (damage request of $25 million and noting other cases where Armstrong sought between $100 and $150 million).

3

138 F. App'x 189, 194 (11th Cir. 2005) (per curiam) (unpublished) (rejecting allegations "that police officers with the Conyers Police Department and Friduss, their attorney, 'conspired' against him and committed perjury ... by stating, presumably during a court proceeding, that Armstrong 'maintained no driver's license'"); Armstrong, 2013 WL 1914315, at *1–2 (finding that allegations of a conspiracy arising from "DWLR and no insurance false reports .... are identical to those previously rejected as frivolous by this Court") (quotation omitted); Armstrong, 2011 WL 1261628, at *4–5, 7 (noting other actions in which Armstrong challenged traffic stops and rejecting a substantially similar complaint); Armstrong v. Easley, No. 5:06-CV-495-D, 2006 WL 4766024, at *2 (E.D.N.C. Dec. 12, 2006) (unpublished) ("The crux of his claim against these two police officers is that they had the audacity to cite him on March 17, 2006, for operating a vehicle with a revoked driver's license."), aff'd, 225 F. App'x 120 (4th Cir. 2007) (per curiam) (unpublished). This court (again) joins a chorus of other courts and informs Armstrong that he has failed to make the requisite factual allegations to support his legal claims, he has named defendants who are immune from suit, and his complaint is subject to summary dismissal.

In sum, the court DISMISSES the action as repetitious and frivolous, DENIES AS MOOT the pending motions [D.E. 7, 21], and DENIES Armstrong's "motion for request of $2,450.00 pursuant to pre-filing of the Federal Rules of Civil Procedure" [D.E. 23]. In accordance with the superseding permanent injunction, the court determines that an appeal of this order would be frivolous. The clerk shall close the case.

SO ORDERED. This 18 day of July 2016.

JAMES C. DEVER III
Chief United States District Judge

4